1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREL I. STANFIELD, | Case No. 1:18-cv-01646-AWI-EPG |
| Plaintiff, | **ORDER FOR PLAINTIFF TO:** |
| v. | **(1) FILE A FIRST AMENDED COMPLAINT; OR,** |
| COUNTY OF FRESNO, *et al.*, | **(2) NOTIFY THE COURT THAT HE WISHES TO VOLUNTARILY DISMISS; OR** |
| Defendants. | **(3) NOTIFY COURT HE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO DISTRICT JUDGE CONSISTENT WITH THIS ORDER** |
| | (ECF No. 1) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff, Jerel I. Stanfield, is appearing *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 29, 2018, alleging claims against the County of Fresno, Chief Deputy District Attorney Christopher Gularte, Fresno Superior Court Clerk Maricela Leon Doe 1, Fresno Superior Court Clerk Lorena Doe 2, and Does 3-5. (ECF No. 1.) Plaintiff's claims relate to his detention at the Fresno County Jail on or about January 2018. (ECF No. 1 at 2.) Plaintiff's complaint is before the Court for screening.

1

The Court has screened Plaintiff's complaint and finds that it does not state any cognizable § 1983 claims. Plaintiff may choose one of the following options: (1) file a first amended complaint; or (2) file a notice of voluntary dismissal; or (3) notify the Court that he wishes to stand on the complaint as written, in which case the undersigned will issue findings and recommendations to the assigned District Judge consistent with this order.

## I.    SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint in a case in which the plaintiff is proceeding *in forma pauperis* to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less

stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF COMPLAINT

The Complaint alleges that on or about January 2018, Plaintiff was in custody as a pretrial detainee at the Fresno County Jail, and that he had been in custody approximately four and a half years. (ECF No. 1 at 4.) "Plaintiff had a bail from time of arrest March 31, 2013 (transcript)." (*Id.*) In or about January 2018, a bail agent, accompanied by Plaintiff's mother,[1] went to the Fresno County Jail to post bail for Plaintiff. The deputy sheriff at the jail told them that the bail had been changed to "No Bail" that evening. (*Id.*) The bail agent and Plaintiff's mother went to the Superior Court clerk's office to find out why the bail had been changed to "no bail," and spoke with Defendants Maricela Leon Doe 1 and Lorena Doe 2. Defendants Maricela Leon Doe 1 and Lorena Doe 2 told the bail agent and Plaintiff's mother that, based on their research, they concluded that Plaintiff should not be released on bail. (*Id.*) Defendant Maricela Leon Doe 1 changed a court order without a court hearing and Defendant Lorena Doe 2 said that the clerk had authority to change a document if the clerk deemed it necessary. Defendants Maricela Leon Doe 1 and Lorena Doe 2 also called the jail and told jail personnel to place a "no bail" status on Plaintiff. (ECF No. 1 at 6.)

On February 22, 2018, a hearing was held before Fresno County Superior Court Judge Gallagher. Judge Gallagher asked Defendant Deputy District Attorney Christopher Gularte where bail had been set in the case. Defendant Gularte responded that a different judge—Judge Conklin—had ordered that Plaintiff's bail be set as "no bail." This representation by Defendant Gularte was false, and Defendant Gularte knew it was false, as Judge Conklin had ordered that "Bail is to remain as Previously Set." (ECF No. 1 at 7.)

The Complaint alleges that Defendants violated various provisions of state law, including false imprisonment, negligence, intentional infliction of emotional distress, and violation of the

---

[1] The Complaint alleges that it was "Defendant's Mother," which the Court assumes is a typographical error, and that Plaintiff meant to refer to his own mother.

Bane Act, California Civil Code section 52.1. The Complaint also alleges that Defendants

violated his Eighth Amendment and due process rights.

**III.    SECTION 1983**

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

U.S. 386, 393-94 (1989) (citation omitted).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

color of state law, and (2) the defendant deprived him of rights secured by the United States

Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see

also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a federal constitutional right, "within the meaning of

§ 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made.'"

*Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be

established when an official sets in motion a 'series of acts by others which the actor knows or

reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479

F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles

the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*,

637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026

(9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally

participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, a plaintiff

4

must allege facts demonstrating, or from which an inference can be drawn, that there is an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

## IV.  EVALUATION OF PLAINTIFF'S COMPLAINT

The Complaint states primarily state law claims—claims for false imprisonment, negligence, intentional infliction of emotional distress, and violation of the Bane Act, California Civil Code section 52.1. Although a federal court may exercise supplemental jurisdiction over state law claims, the court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367").

Here, as discussed below, the Complaint does not allege a cognizable federal claim and thus does not adequately allege facts demonstrating that the Court has original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state law claims.

### A.  Defendants Maricela Leon Doe 1 and Lorena Doe 2

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Here, Plaintiff alleges that Defendants Maricela Leon Doe 1 and Lorena Doe 2, both of whom are court clerks, changed a court order without a court hearing or a judge's order, and called the jail and told jail personnel to place a "no bail" status on Plaintiff. These acts fall within the tasks that court clerks perform as an integral part of the judicial process. Accordingly, Defendants Maricela Leon Doe 1 and Lorena Doe 2 are absolutely immune from suit under § 1983. The claims against them are thus subject to dismissal.

### B.  Defendant Gularte

A district attorney is absolutely immune from suit under § 1983 where the claims are

related to conduct that is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citation omitted).

Here, Plaintiff alleges that when asked by a judge during a February 2018 hearing about whether bail had previously been set in the case, Defendant Gularte, who is alleged to be a Deputy District Attorney, knowingly provided false information by responding that a different judge had previously ordered that Plaintiff's bail be set as "no bail," even though the previous judge had actually ordered that bail was to remain as set. Defendant Gularte's representations regarding bail during the court hearing "are prosecutorial decisions intimately associated with the judicial phase of the criminal process." *Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017). Accordingly, Defendant Gularte is absolutely immune from suit under § 1983. The claims against him are thus subject to dismissal.

### C. County of Fresno

Under § 1983, a local government is responsible "only for 'their own illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible."

*Id.* at 60-61 (internal citations and quotations omitted) (alteration in original).

"That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 406-07 (1997). Instead, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Id.* at 407 (citations omitted).

To state a claim for a violation of § 1983 against a municipality, a plaintiff must

sufficiently allege facts demonstrating (1) he was deprived of his constitutional rights by the municipality and its employees acting under color of state law, (2) the municipality has customs or policies that amount to deliberate indifference to the plaintiff's constitutional rights, and (3) "that these policies are the moving force behind the constitutional violation[s]." *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (citations omitted).

"[D]eliberate indifference to a person's constitutional rights occurs when the need for more or different action, 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 682 (citations omitted).

Here, the Complaint alleges the County violated Plaintiff's constitutional rights but does not allege *facts* demonstrating the County has customs or policies that amount to deliberate indifference to Plaintiff's constitutional rights, or that these policies "are the moving force" behind a violation of Plaintiff's constitutional rights. The claims against the County are accordingly subject to dismissal.

## V.    LEAVE TO AMEND

The Court finds that the Complaint does not state any cognizable federal claim under § 1983 and is thus subject to dismissal. *See* Fed. R. Civ. P. 8(a) (complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief); 28 U.S.C. § 1367(a) (federal court may exercise supplemental jurisdiction over state law claims "in any civil action of which the district courts have original [federal] jurisdiction"); *Herman Family Revocable Trust*, 254 F.3d at 805 ("where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367").

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will grant Plaintiff leave to file an amended complaint curing the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he

wishes to stand on his complaint. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff elects to amend his complaint, he must file an amended complaint within thirty days.[2] The amended complaint must state what each person did or did not do that caused the alleged violation of Plaintiff's constitutional rights. Thus, although Plaintiff's amended complaint should be brief, *see* Fed. R. Civ. P. 8(a), it must state what each defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. In other words, each claim and the involvement of each defendant must be sufficiently alleged. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseding pleading." Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Below, the Court provides some legal standards that might be of assistance to Plaintiff in deciding whether to file an amended complaint.

\\\

---

[2] Plaintiff may wish to refer to the U.S. District Court for the Eastern District of California website, which has forms for *pro se* litigants. *See* http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-litigant/.

## A. **Eighth Amendment**

The Eighth Amendment, applicable to the states through the Due Process Clause of the Fourteenth Amendment, "provides that '[e]xcessive bail shall not be required . . . .'" *Baze v. Rees*, 553 U.S. 35, 47 (2008). "This Clause, of course, says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987). Indeed, the Ninth Circuit has held that the Eighth Amendment's Excessive Bail Clause does not require that states release a defendant on bail, but does prohibit states from imposing "bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) (citing *Salerno,* 481 U.S. at 754).

> To determine whether the Excessive Bail Clause has been violated, we look to the valid state interests bail is intended to serve for a particular individual and judge whether bail conditions are excessive for the purpose of achieving those interests. The state may not set bail to achieve invalid interests, nor in an amount that is excessive in relation to the valid interests it seeks to achieve.
>
> In California, bail determinations are regulated by a comprehensive statutory scheme. Penal Code section 1275 defines the interests that judicial officers are to consider in setting bail:
>
>> (a) In setting, reducing, or denying bail, the judge or magistrate shall take into consideration the protection of the public, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or hearing of the case. The public safety shall be the primary consideration.
>>
>> In considering the seriousness of the offense charged, the judge or magistrate shall include consideration of the alleged injury to the victim, and alleged threats to the victim or a witness to the crime charged, the alleged use of a firearm or other deadly weapon in the commission of the crime charged, and the alleged use or possession of controlled substances by the defendant.
>
> Moreover, California law specifically authorizes judicial officers "to set bail in an amount that [they] deem[ ] sufficient ... to assure the protection of a victim ... of domestic violence." Cal. Penal Code § 1269c. California law requires that non-capital defendants be offered bail. *See* Cal. Penal Code §§ 1270.5, 1271. For noncapital defendants, "the court may neither deny bail nor set it in a sum that is the functional equivalent of no bail."

*Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660-61 (9th Cir. 2007) (some citations omitted).

## B. **Fourteenth Amendment Procedural Due Process**

Courts analyze procedural due process claims in two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally

sufficient." *Carver v. Lehman*, 558 F.3d 869, 872 (9th Cir. 2009) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "A liberty interest may arise from either of two sources: the due process clause itself or state law." *Id.* (citation omitted).

In the context of bail, "an accused has a Fourteenth Amendment due process right to have a state's bail system administered without caprice or discrimination," but "he has no absolute right to bail." *Kelly v. Springett*, 527 F.2d 1090, 1093 (9th Cir. 1975).

## C. Failure to Train, Supervise, and Discipline

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* (citation omitted). "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' Only then 'can such a shortcoming be properly thought of as a [municipal] 'policy or custom' that is actionable under § 1983.'" *Id.* at 61-62 (citation omitted).

> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Policymakers' "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

*Id.* at 62.

## VI. ORDER

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a) File a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim; or

b) File a notice of voluntary dismissal; or

c) File a notice of election to stand on the complaint, subject to this Court issuing findings and recommendations to the assigned District Judge recommending that the case be dismissed for failure to state a claim.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01646-AWI-EPG.

3. If Plaintiff fails to file, within thirty (30) days from the date of service of this order, either an amended complaint, a notice of voluntary dismissal, or a notice of election to stand on the complaint, the Court will issue findings and recommendations to the assigned District Judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: __**January 29, 2019**__          /s/ _Erica P. Grosjean_
                                    UNITED STATES MAGISTRATE JUDGE

11