UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREL I. STANFIELD,<br><br>           Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, *et al.*,<br><br>           Defendants. | Case No. 1:18-cv-01646-AWI-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 6)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Jerel I. Stanfield, is appearing *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 29, 2018, alleging claims related to Plaintiff's detention at the Fresno County Jail on or about January 2018. (ECF No. 1.) The Court screened Plaintiff's Complaint and found that it failed to state a cognizable federal claim. On February 28, 2019, Plaintiff filed his First Amended Complaint ("FAC"). The Court has screened the FAC and finds that it does not state any cognizable federal claim. The Court also finds that granting Plaintiff leave to amend would be futile. Accordingly, the Court recommends that Plaintiff's FAC be dismissed without leave to amend.

**I.    SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint in a case in which the plaintiff is proceeding *in forma pauperis* to determine whether it "state[s] a claim on

1

which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

II. **SUMMARY OF THE FIRST AMENDED COMPLAINT**

The Complaint alleges that on or about January 2018, Plaintiff was in custody as a pretrial detainee at the Fresno County Jail, and that he had been in custody approximately four and a half years. (ECF No. 6 at 8.) "Plaintiff had a bail from time of arrest March 31, 2013 (transcript)." (*Id.*)

**A. Allegations Relating to Defendants Maricela Leon Doe 1 and Lorena Doe 2**

Defendants Maricela Leon Doe 1 and Lorena Doe 2 are court clerks that work for the Fresno County Superior Court. (ECF No. 6 at 4, 6.)

"On or about January 2018 a bail agent along with the [Plaintiff's] mother went to the Fresno County jail to bail out Plaintiff Stanfield." (ECF No. 1 at 8.) "The deputy sheriff said that the bail amount changed from the set bail amount to No Bail that evening." (*Id.*) Plaintiff's mother and the bail agent "went to the Superior Court clerk's office to see why the bail had changed from the ('Previous Set Amount') to no bail." (*Id.*) Plaintiff's mother "talked directly to Maricela Leon Doe 1 and Lorena Doe 2. The clerks said that after they did their own research that they concluded that plaintiff should not have a bail." (*Id.*)

> [Plaintiff's] mother filed complaints with the clerk's supervisors informing them that the clerks violated Plaintiff's civil rights, causing false imprisonment, cruel and unusual punishment, intentional infliction of emotional distress, negligence, and denial of due process of having a court hearing. The clerks changed a court order without a court hearing. One of their supervisors said that their clerks had a right to change a document if they deemed necessary. This act violated Plaintiff Stanfield's right to due process 42 U.S.C. Sec. 1983, which brought forth this complaint. On information and belief, a reasonable properly trained and supervised clerk (clerks) would not have changed a court certified transcript which caused Plaintiff unnecessary emotional distress, false imprisonment, cruel and unusual punishment.

(*Id.*)

The FAC alleges that Maricela Leon Doe 1 and Lorena Doe 2 were both acting under color of law while conducting their duties as court clerks and willfully and maliciously violated Plaintiff's constitutional rights by either changing or participating in the changing of "the established set amount of bail that was clearly ordered from the onset of the criminal case." (*Id.* at 4.) The clerks "changed the 'amount as previously set to No Bail verbally. Because of that action it became on paper as no bail when in fact there was always a bail." (*Id.* at 11.)

In committing these acts, Defendants Maricela Leon Doe 1 and Lorena Doe 2 "were negligent, careless, reckless, and/or failed to meet their duties, non-delegable and otherwise, which they owed to Plaintiff Stanfield." (*Id.* at 11.)

**B. Allegations Relating to Defendant Christopher Gularte**

Defendant Christopher Gularte is a deputy district attorney for Fresno County. (ECF No. 6

at 4.) Gularte, in his duties as an attorney for the County, "did conspire with the county clerks that caused deprivation of the Plaintiff's Federal Civil Right to due process." (*Id.*) Gularte,

> in the approximately 3 years he had the case absolutely did not at any time verbally or written say Plaintiff had no bail, until and after the court clerks deliberate and reckless act. Then the district attorney [unjustly] fabricated the truth about the set bail to Judge Gallagher and continued fabricating causing plaintiff to suffer significant mental anguish as a result of the actions and violations of said defendants therein showing the connection that these defendants conspired together that caused the deprivation of Plaintiff's Federal Civil Liberties. Defendant Gularte own motions proved that there had been a clearly established court order of bail set in place at the time these wrongful acts were committed.

(*Id.* (alteration in original).)

During a February 22, 2018, hearing:

> in front of Honorable Judge Gallagher whom had never heard this case, the Judge asked the Defendant Christopher Gularte deputy DA was there ever a bail in this case? The Defendant blatantly, willfully, and maliciously said Judge Conklin set is as no bail. (2/22/2018 trans. Pg. 3 line 18) see transcript Dated 5/3/2017. Judge Conklin did in fact say, "Bail is to remain as Previously Set." The prosecutor knew exactly what the bail amount was after the acquittal and landslide mistrial and well before the case went down before Judge Gallagher and Judge Kaepetan. Therefore, the Defendant Gularte, willfully continuously misstated the orders of the court an outright miscarriage of justice.

(*Id.* at 11; *see also id.* at 16 ("In open court Defendant Christopher Gularte said that Honorable Judge Conklin set it as no bail when that was the furthest thing from the truth.").) Defendant Gularte also stated that he was objecting to any change in Plaintiff's custodial status "knowing Doe 1 and Doe 2 changed the 'bail as previously set' to no bail. The D.A. absolutely took advantage of the fact that these new judges may not have known what the clerks had done; he in fact was accessory to the wrongful acts of the clerks." (*Id.* at 16.)

In committing these acts, Defendant Gularte was "negligent, careless, reckless and/or failed to meet the duties, non-delegable and otherwise, which [he] owed to Plaintiff Stanfield." (*Id.*) Defendant Gularte "should have known that [his] failure to act appropriately and to follow the judge orders, transcripts, would violate Plaintiff Stanfield civil rights." (*Id.*)

### C. Allegations Relating to Defendant County of Fresno

The FAC alleges:

> At all times relevant hereto, Defendant County was responsible for the training of all clerks of the County and the proper actions in the performance of their duties as clerks of the Fresno County Superior Clerks Office. Defendants County and the District Attorneys Office, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its clerks have repeatedly engaged in a

> pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the County and certain of the Doe Defendants, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate act of the Defendants amount[s] to an informal policy or custom, and ratification, said policy or custom being another proximate cause of the injury of [Plaintiff].

(*Id.* at 8-9.)

The County "as a matter of custom, practice and policy, failed to adequately and properly screen and hire the Defendant employees" including Defendant Maricela Leon Doe 1, Lorena Doe 2, and Gularte, and in doing so "was deliberately indifferent to the Constitutional rights of Plaintiff Stanfield." (*Id.* at 12.)

The County also,

> as a matter [of] custom, practice, and policy, failed to maintain adequate and proper training for Fresno County Superior Court clerks and the District Attorney personnel . . . necessary to educate the clerks and d.a. as to the constitutional rights of citizens and to prevent the intentional and systematic [practice] of said employees changing court transcripts or misstating the facts that causes extra judicial punishment of citizens inmate or not by clerks and district attorneys.
>
> Said customs, practice and policy [include] a failure to adequately investigate, supervise and discipline offending clerks and D.A. that fostered the custom, and practice, and policy within the Fresno County Superior Court clerk's office and the Fresno County District Attorney's office which resulted in the violation of various civil rights of Plaintiff Stanfield.

(*Id.* at 13.)

### III. SECTION 1983

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

color of state law, and (2) the defendant deprived him of rights secured by the United States Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a federal constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, a plaintiff must allege facts demonstrating, or from which an inference can be drawn, that there is an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

**IV.     EVALUATION OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Like the Complaint (ECF No. 1), the First Amended Complaint ("FAC") (ECF No. 6) states primarily state law claims—claims for false imprisonment, negligence, intentional infliction of emotional distress, and violation of the Bane Act, California Civil Code section 52.1. (ECF No. 6 at , 9-12, 14-18.) Although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental

claims under § 1367").

Here, as discussed below, the FAC does not allege a cognizable federal claim and thus does not adequately allege facts demonstrating that the Court has original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state law claims.

**A. Claims Against Defendants Maricela Leon Doe 1 and Lorena Doe 2**

The FAC alleges that Defendants Maricela Leon Doe 1 and Lorena Doe 2, both of whom are court clerks, violated Plaintiff's constitutional rights when they changed a court order without a court hearing or a judge's order, and called the jail and told jail personnel to place a "no bail" status on Plaintiff.

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). The alleged acts of Defendants Maricela Leon Doe 1 and Lorena Doe 2 fall within the tasks that court clerks perform as an integral part of the judicial process. Accordingly, Defendants Maricela Leon Doe 1 and Lorena Doe 2 are absolutely immune from suit under § 1983, and the claims against them should be dismissed.[1]

**B. Defendant Gularte**

The FAC alleges that Defendant Gularte, a district attorney handling the criminal case against Plaintiff, violated Plaintiff's constitutional rights by knowingly providing false information to a judge during a February 2018 hearing about whether bail had previously been set in the criminal case. Specifically, the FAC alleges that the judge asked Defendant Gularte whether bail had been set and Defendant Gularte told the judge in response that a different judge had previously ordered that Plaintiff's bail be set as "no bail" even though the previous judge had actually ordered that bail was to remain as set.

A district attorney is absolutely immune from suit under § 1983 where the claims are

---

[1] Because Defendants Maricela Leon Doe 1 and Lorena Doe 2 are entitled to *absolute* immunity, Plaintiff's argument in the FAC that these defendants are not entitled to *qualified* immunity (ECF No. 6 at 2-3) is inapposite.

related to conduct that is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citation omitted). Defendant Gularte's alleged representations regarding bail during the court hearing "are prosecutorial decisions intimately associated with the judicial phase of the criminal process." *Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. 2017). Accordingly, Defendant Gularte is absolutely immune from suit under § 1983, and the claims against him should be dismissed.[2]

### C. County of Fresno

The FAC alleges that the County of Fresno violated Plaintiff's constitutional rights by failing to adequately and properly screen, hire, train, supervise, and discipline Defendants Maricela Leon Doe 1, Lorena Doe 2, and Gularte.

Under § 1983, a local government is responsible "only for 'their own illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible."

*Id.* at 60-61 (internal citations and quotations omitted) (alteration in original).

"That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 406-07 (1997). Instead, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Id.* at 407 (citations omitted).

To state a claim for a violation of § 1983 against a municipality, a plaintiff must

---

[2] Because Defendant Gularte is entitled to *absolute* immunity, Plaintiff's argument in the FAC that this defendant is not entitled to *qualified* immunity (ECF No. 6 at 2-3) is inapposite.

sufficiently allege facts demonstrating (1) he was deprived of his constitutional rights by the municipality and its employees acting under color of state law, (2) the municipality has customs or policies that amount to deliberate indifference to the plaintiff's constitutional rights, and (3) "these policies are the moving force behind the constitutional violation[s]." *Lee v. City of Los Angeles*, 250 F.3d 668, 681-82 (9th Cir. 2001) (citations omitted).

"[D]eliberate indifference to a person's constitutional rights occurs when the need for more or different action, 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Id.* at 682 (citations omitted).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Id.* (citation omitted). "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' Only then 'can such a shortcoming be properly thought of as a [municipal] 'policy or custom' that is actionable under § 1983.'" *Id.* at 61-62 (citation omitted).

> A pattern of similar constitutional violations by untrained employees is "ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Policymakers' "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

*Id.* at 62.

Here, the FAC alleges that the County failed to adequately screen, hire, train, supervise, and discipline the Defendant employees, and that these failures resulted in the Defendant employees violating Plaintiff's constitutional rights. (ECF No. 6 at 12-14.) The FAC does not, however, allege any *facts* demonstrating the County has customs or policies that amount to

deliberate indifference to Plaintiff's constitutional rights; that the County had notice that the methods it used to screen, hire, train, supervise, and/or discipline its court clerks and deputy district attorneys was deficient in a particular respect and was causing violations of constitutional rights; or that there was a pattern of constitutional violations by untrained employees in circumstances that are similar to that alleged to have occurred in the present case. *See Connick*, 563 U.S. at 62 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."); *Brown*, 520 U.S. at 406-07 ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably."); *Lee*, 250 F.3d at 682 ("[D]eliberate indifference to a person's constitutional rights occurs when the need for more or different action, 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'"). Instead, the FAC merely uses boilerplate language that sets forth the standard for alleging municipal liability and makes conclusory statements without any ***factual allegations*** in support of the claims. This is insufficient. *See Iqbal*, 556 U.S. at 678 (detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). The FAC accordingly fails to state a claim based on the alleged failure of the County to screen, hire, train, supervise, and/or discipline Defendants Maricela Leon Doe 1, Lorena Doe 2, and Gularte.

Further, as to Defendant Gularte, "when preparing to prosecute and when prosecuting criminal violations of state law, a district attorney represents the state and is not a policymaker for the county." *Pitts v. Cty. of Kern*, 949 P.2d 920, 934 (Cal. 1998). Thus, the County cannot be held liable based on the conduct of Defendant Gularte in preparing to prosecute and prosecuting the case against Plaintiff.[3] *See id.*

---

[3] Under the Eleventh Amendment to the U.S. Constitution and the doctrine of sovereign immunity, the State of California is absolutely immune from § 1983 liability. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63–67 (1989).

1  The claims against the County should accordingly be dismissed.

### D. Additional Doe Defendants

The FAC names Does 3-6 as Defendants but does not allege facts demonstrating that Does 3-6 engaged in conduct that violated Plaintiff's constitutional rights. Accordingly, the claims against Does 3-6 should be dismissed.

## V. LEAVE TO AMEND

The Court finds that the FAC does not state any cognizable federal claim under § 1983 under the relevant legal standards. The FAC should therefore be dismissed. *See* Fed. R. Civ. P. 8(a) (complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief); 28 U.S.C. § 1367(a) (federal court may exercise supplemental jurisdiction over state law claims "in any civil action of which the district courts have original [federal] jurisdiction"); *Herman Family Revocable Trust*, 254 F.3d at 805 ("where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367").

The Court does not recommend granting leave to amend. The Court screened Plaintiff's original Complaint and found it did not state a federal claim. The Court provided legal guidance to assist Plaintiff in stating a claim, including the following general guidance regarding the need for Plaintiff to include factual allegations in support of his claims:

> A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

(ECF No. 5 at 2.) After receiving this guidance from the Court, Plaintiff filed the FAC.

The FAC clearly alleges the circumstances underlying Plaintiff's claims against Defendants Maricela Leon Doe 1, Lorena Doe 2, and Gularte, and the Court has found that those circumstances do not state a cognizable federal claim for the reasons described herein. Granting Plaintiff further leave to amend these claims would thus be futile.

11

As to the claims against the County, the FAC, like the original Complaint, does not include *factual allegations* in support of those claims. In finding the original Complaint failed to state a claim against the County, the Court explained:

> Here, the Complaint alleges the County violated Plaintiff's constitutional rights but does not allege *facts* demonstrating the County has customs or policies that amount to deliberate indifference to Plaintiff's constitutional rights, or that these policies "are the moving force" behind a violation of Plaintiff's constitutional rights. The claims against the County are accordingly subject to dismissal.

(ECF No. 5 at 7.)

Despite this guidance, Plaintiff still has not provided factual allegations in support of his claims against the County. Plaintiff has, instead, again provided "[t]hreadbare recitals of the elements of a cause of action [against the County], supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Granting Plaintiff further leave to amend his claims against the County would thus be futile.

Because further amendment would be futile, the Court recommends dismissing the FAC without leave to amend.

## VI. RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED:

1. That this action be dismissed without leave to amend based on Plaintiff's failure to state a cognizable claim under § 1983;
2. That Plaintiff's federal claims be dismissed with prejudice, and Plaintiff's state law claims be dismissed without prejudice; and
3. That the Clerk of the Court be respectfully directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 14, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE